Dear Mr. Adkins:
You have asked this office to advise if Mr. Randy Thomas may hold the elective office of Constable in the Justice of the Peace Court for District B in Red River Parish, and at the same time hold full-time employment with the Red River Parish Police Jury as Road Superintendent, while also at the same time serving as a deputy sheriff for the Red River Parish Sheriff's Office. In a phone conversation with our office, you advise it is unclear whether Mr. Thomas holds the position of deputy sheriff on a part-time or a full-time basis.
The provisions of the Louisiana Dual Officeholding and Dual Employment Law, La.R.S. 42:61, et seq., govern our response to your question. In a dual officeholding analysis, the positions proposed to be held must first be categorized under the dual officeholding definitions provided in La.R.S. 42:62.
Here, a constable is elected by the qualified electors within the territorial limits of the justice of the peace ward of the court.[1] Apolitical subdivision for purposes of the dual officeholding provisions includes a justice of the peace court.[2] Thus, for *Page 2 
purposes of a dual officeholding analysis, a constable holds electiveoffice in the political subdivision of the justice of the peace ward ordistrict court from which he is elected.[3]
Further, for purposes of dual officeholding, the position of deputy sheriff is considered an appointive office under La.R.S. 42:62(2) because it is an "office in any branch of government . . . which is specifically established or specifically authorized by the . . . laws of this state . . . and which is filled by appointment . . . by an elected . . . public official." The position of deputy sheriff is specifically authorized by La.R.S. 33:1433, which provides "the sheriff of each parish . . . may appoint as many deputies as necessary" and further provides that a deputy's "appointment and oath must be entered on the records of the court." The sheriff is the appointing authority and is an elected public official pursuant to constitutional provision.[4]
La.R.S. 42:63 sets forth those offices and employments which may not be held together. Of relevance here is that part of La.R.S. 42:63(D) which states that "no person holding an elective office in a political subdivision of this state shall at the same time hold another . . . full-time appointive office . . . in the government of a political subdivision thereof."
The application of La.R.S. 42:63(D) to this matter would initially prohibit an individual from holding the elective office of constable and at the same time holding a position as a full-time deputy sheriff. Here, we point out that under La.R.S. 42:62(4), a position is held on a "full time" basis if a person normally works or is expected to work "at least seven hours per day of work and at least thirty-five hours per week of work," while La.R.S. 42:62(5) defines "part time" as "the period of time which a person normally works or is expected to work in an appointive office or employment which is less than the number of hours of work defined in this Section as full time."
However, the law provides an exemption from the prohibition of La.R.S. 42:63(D), which is applicable here. La.R.S. 42:66(L)(2)(a) states, in pertinent part:
(2)(a) Nothing in this Part shall be construed to prohibit a deputy sheriff from holding the office of part-time constable of a justice of *Page 3 
the peace court whose jurisdiction has a population of fifteen thousand or fewer persons according to the 1990 federal decennial census . . .
The Justice of the Peace Court for District B in Red River Parish "has a population of fifteen thousand or fewer persons according to the 1990 federal decennial census" making the exemption applicable here, meaning that the elected constable for District B could also hold the appointive office of deputy sheriff on a full-time basis.
However, the introduction of a third public position, specifically, full-time employment with the parish as Road Superintendent, invokes the application of La.R.S. 42:63(E), which states:
E. No person holding a full-time appointive office or full-time employment in the government of this state or of a political subdivision thereof shall at the same time hold another full-time appointive office or full-time employment in the government of the state of Louisiana, in the government of a political subdivision thereof, or in a combination of these.
Because La.R.S. 42:63(E) prohibits the simultaneous holding of two full-time positions, either the position of appointive office as deputy sheriff for the Red River Parish Sheriffs Office or the position of employment with the parish as Road Superintendent must be held on a part-time basis for there to be compliance with the dual officeholding provisions. The holding of two full-time positions in violation of La.R.S. 42:63(E) could further raise the application La.R.S. 14:138, which prohibits public payroll fraud.[5]
It is the opinion of this office that the dual officeholding law does not prohibit Mr. Thomas from holding full-time employment as parish Road Superintendent, while *Page 4 
at the same time serving as Constable and also holding a part-time position as deputy sheriff.
This opinion is limited to an examination of the dual officeholding statutes. Questions concerning the Code of Governmental Ethics should be forwarded to the Louisiana State Board of Ethics, P.O. Box 4368, Baton Rouge, LA 70821, phone 225-219-5600.
We hope the foregoing is helpful to you. Should you have other questions with which we may provide assistance, please contact this office.
Very truly yours,
JAMES D. "BUDDY" CALDWELL
ATTORNEY GENERAL
BY: __________________________
KERRY L. KILPATRICK
ASSISTANT ATTORNEY GENERAL
KLK:arg
[1] La.R.S. 13:2583(B) provides "a constable shall be elected at the congressional election for terms of six years by the qualified electors within the territorial limits of the justice of the peace ward of the court for which he is elected. He shall take office on the first day of January following the election."
[2] La.R.S. 42:62(9) defines political subdivision as "a parish, municipality, and any other unit of local government, including a school board and a special district, authorized by law to perform governmental functions. In addition for the purposes of this Part, mayor's courts,justice of the peace courts, district attorneys, sheriffs, clerks of court, coroners, tax assessors, registrars of voters, and all other elected parochial officials shall be separate political subdivisions."
[3] La.R.S. 42:62(1) defines elective office to mean "any position which is established or authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof, which is not a political party office, and which is filled by vote of the citizens of this state or of a political subdivision thereof."
[4] LSA-Const. Article V Section 27 (1974).
[5] La.R.S. 14:138 provides, in pertinent part:
A. Public payroll fraud is committed when:
(1) Any person shall knowingly receive any payment or compensation, or knowingly permit his name to be carried on any employment list or payroll for any payment or compensation from the state, for services not actually rendered by himself, or for services grossly inadequate for the payment or compensation received or to be received according to such employment list or payroll; or
(2) Any public officer or public employee shall carry, cause to be carried, or permit to be carried, directly or indirectly, upon the employment list or payroll of his office, the name of any person as employee, or shall pay any employee, with knowledge that such employee is receiving payment or compensation for services not actually rendered by said employee or for services grossly inadequate for such payment or compensation.